IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AIRPORT CONSULTING SERVICES INTEGRATED, LLC, a Utah limited liability company,<br><br>                 Plaintiff,<br><br>vs.<br><br>PREMIUM SERVICES MANAGEMENT, LLC, a Georgia limited liability company,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:06CV00102DAK |

      This matter is before the court on Defendant Premium Services Management, LLC's ("PSM") Motion to Dismiss For Lack of Personal Jurisdiction, or, In the Alternative, Motion To Transfer.  The court held a hearing on the motion on June 20, 2006.  At the hearing, Thomas N. Crowther represented Plaintiff Airport Consulting Services Integrated, LLC ("ACSI").  Evelyn Furse and Julie Edwards represented PSM.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

      This matter arises out of efforts to reduce costs in the curbside baggage services for the

United States airline industry.  Traditionally, the airline industry uses a non-fee based curbside baggage service for its customers, the cost of which is paid for by the airlines (the "Traditional Service Method").  In 1995, ACSI, a Utah limited liability company, developed a new method (the "ACSI Service Method"), the cost of which is paid by airline customer fees, not by the airlines, which results in a savings to the airlines.

PSM, a Georgia limited liability company, is a provider of the Traditional Service Method to multiple airlines around the country.  PSM provided the Traditional Service Method to United Airlines' passengers at several airports, including Los Angeles International Airport ("LAX").  United Airlines became aware of the ACSI Service Method and its potential cost savings.  As a result, in 2003, United Airlines unsuccessfully attempted direct negotiations with ACSI to provide the ACSI Service Method to its customers at LAX.  United asked ACSI to assist PSM with the baggage services it provided to United, but ACSI was not willing to give away its business methods or ideas to PSM.

Undeterred, in December 2004, Al Johnson ("Johnson"), a PSM representative, contacted Howard Cooper ("Cooper"), a member manager of ACSI, in Utah by telephone, and told Cooper that United Airlines advised Johnson that PSM was not performing satisfactorily at LAX and that PSM may lose the baggage service contract at LAX.  Johnson also told Cooper that both United and PSM knew about of ACSI's Service Method.  Johnson specifically requested 90 days of paid consulting services from ACSI to assist PSM in developing a service like ACSI's Service Method.  Cooper advised Johnson that because ACSI and PSM were competitors, ACSI would

2

only disclose the ACSI Service Method if PSM would agree to a long term partnership arrangement. PSM agreed. Johnson, on behalf of PSM requested a partnership contract with ACSI (the "Contract"). During contract negotiations, PSM's representatives did not visit Utah. ACSI prepared the Contract and sent it to PSM in Georgia, where PSM signed and returned the Contract to ACSI in Utah. It is of little consequence that the Contract pertained only to airports in California, Illinois and New Jersey and did not require performance in Utah.

After the parties executed the Contract, ACSI disclosed to PSM the details of the ACSI Service Method. PSM and ACSI successfully implemented the ACSI Service Method for United Airlines at the Tampa, Florida Airport. Due to the success in Florida, United Airlines had the ACSI Service Method implemented at airports in Los Angeles, San Francisco and Chicago.

The Contract and the relationship between PSM and ACSI was to continue as long as PSM used the ACSI Service Method, but PSM allegedly terminated the Contracted by sending written notice to ACSI in Utah. ACSI claims that PSM continues to use the ACSI Service Method despite the Contract termination, in violation of the Contract.

## STANDARD OF REVIEW

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b), a court must determine whether the factual allegations in the complaint, if true, would entitle the plaintiff to a legal remedy. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is appropriate only when "the plaintiff can prove no set of facts in support of his claims to entitle him to relief." *Cottrell, Ltd. v. Biotrol Int'l,* 191 F.3d 1248, 1251 (10th Cir. 1999). Granting a defendant's motion to dismiss is a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Id.*

3

(quotations omitted).

## DISCUSSION

PSM seeks to dismiss ACSI's Complaint contending that this court lacks jurisdiction over PSM. In the alternative, PSM argues this case should be transferred to the U.S. District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1631 for lack of jurisdiction, or pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses.  Whether this court may exercise jurisdiction over PSM or should transfer pursuant to 28 U.S.C. § 1404 are separate inquiries.  We address these questions below.

**A.      Jurisdiction**

Turning to jurisdiction, PSM contends that this court lacks personal jurisdiction over it. When a court's jurisdiction is contested on a motion to dismiss under Federal Rule of Civil Procedure 12(b), a plaintiff bears the burden of establishing personal jurisdiction over the defendant.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp 2d. 1093, 1095 (D. Utah 2003).  In the preliminary stages of litigation, the plaintiff's burden is only to establish a prima facie case that jurisdiction exists, *Hafen v. Strebeck*, 338 F. Supp 2d. 1257, 1260 (D. Utah 2004); *Electronic Realty Assoc. v. Vaughan*, 897 F. Supp. 521, 521 (D. Kansas 1995) (citing *McNutt v. General Motors*, 298 U.S. 178, 189 (1936)); *see also Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1995), and this burden is light.  *Vaughan,* 897 F. Supp. at 521.  All factual disputes are resolved in favor of the plaintiff when determining the sufficiency of plaintiff's showing.  *See Purco Fleet Servs., Inc. v. Towers*, 38 F. Supp 2d. 1320, 1322 (D. Utah 1999);  *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

In addition, "[i]t is well settled that to obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Hafen*, 338 F. Supp 2d. at 1260 (quoting *Soma Medical*, 196 F.3d at 1295). The Utah Supreme Court stated that it "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[1] *Id.* at 1298 (internal quotations omitted); *see also Boggiano v. OfficialCitySites.Org*, 2006WL 1044363, *1 (D. Utah April 17, 2006) (quoting *Systems Designs*, 248 F. Supp 2d. at 1097 (same). Thus, a court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state. *See World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, (1980). The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction over the defendant. *Boggiano*, 2006 WL 1044363 at *1.

Neither party contests that general jurisdiction is inappropriate in this matter. Therefore, this court must determine whether specific jurisdiction exists over PSM under the facts of this case. "The evaluation of specific jurisdiction in Utah mandates a three-part inquiry: (1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process." *Soma*

---

[1] Under Utah's long-arm statute, the court has personal jurisdiction over a defendant based on either (1) the transaction of any business within Utah or (2) the causing of any injury within Utah. Utah Code Ann. §78-27-24.

*Medical*, 196 F.3d at 1297 (internal quotations omitted); *Hafen*, 338 F. Supp 2d. at 1260.  The Utah legislature has declared that the long-arm statute must be interpreted broadly "'so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.'" *Soma Medical*, 196 F.3d at 1297 (quoting Utah Code Ann. § 78-27-22; *Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999)).

The minimum contacts necessary for specific personal jurisdiction are established if the defendant has purposefully directed his activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.  *See Soma Medical*, 196 F.3d at 1298.  If the defendant's activities create sufficient minimum contacts, courts then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.  *Id.*  The "minimum contacts" necessary for specific personal jurisdiction are established "if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to those activities."  *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 472 (1985)).

ACSI's Complaint alleges that PSM "transacted business" and "caused an injury" in Utah under Utah's long-arm statute based on PSM's telephone conversations, email, fax, and mail correspondence.  Utah Code Ann. §78-27-24(1), (2) (2002).  Utah's long-arm statute provides, in pertinent part as follows:

> Any person . . . who in person or through an agent does any of the following enumerated acts, submits himself . . . to the jurisdiction of the courts of this state as to any claim arising out of or related to:

(1) the transaction of any business within this state;

(2) . . .which affect persons or business within the state . . .

*Id.*

"The words 'transacting business' means activities of a non-resident person in this state which 'affect persons or business within the state.'" *Hafen*, 338 F. Supp 2d. at 1260. These terms are to be "expansively interpreted such that 'a person may transact business within the state despite an absence of physical presence in Utah.'" *Id*. (quoting *Nova Mud Corp. v. Fletcher*, 648 F. Supp. 1123, 1126 (D. Utah 1986)). The Utah Legislature intended the long-arm statute to be broadly interpreted "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Constitution." Utah Code Ann. §78-27-22; *see also Starrways*, 980 P.2d at 206.

ACSI claims that PSM has multiple contacts that are purposefully directed at or arise out of its activities with ACSI in Utah in connection with the Contract and the ACSI Service Method. ACSI alleges that PSM initiated the initial phone call to Cooper requesting assistance and use of the ACSI Service Method, as well as daily telephone conversations between PSM and ACSI between December 2004 and August 24, 2005. ACSI claims that at least 50 email messages were exchanged between PSM and ACSI regarding the Contract and the ACSI Service Method, 22 of which were initiated by Johnson and sent to Cooper in Utah. ACSI alleges that PSM sent daily written baggage and shift reports to ACSI in Utah by additional emails for the San Francisco Airport operations and by fax on a weekly basis from the other three airport locations. PSM provided monthly remittance statements to ACSI in Utah regarding expenses and

profits, and sent weekly baggage reports to ACSI in Utah.  And, PSM paid ACSI its expenses and share of profits by checks sent to ACSI in Utah.

PSM argues that although telephone calls and correspondence may provide sufficient minimum contacts "the exercise of jurisdiction depends on the nature of those contacts." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988).  However, "[i]n proper circumstances, even a single letter or telephone call to the forum state may meet due process standards." *Id*.  "The proper focus for analyzing these contacts is whether they represent an effort by the defendant to 'purposefully avail [himself] of the privilege of conducting activities within the forum State." *Id*. at 1419.

"The cases make clear that it is the quality or nature of the communications that matter, not the quantity." *Hafen*, 338 F. Supp 2d. at 1261.  In this case, ACSI sufficiently alleges both quantity and quality of PSM's contacts with Utah to state a prima facie case that jurisdiction exists.  PSM intentionally reached out to transact business with ACSI in Utah.  Because PSM's actions form the basis of ACSI's claims, this court concludes that they establish the requisite minimum contacts to satisfy due process.

If PSM's activities create sufficient minimum contacts, the court then considers "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).  The central inquiry into such a determination is "the relationship of the defendant, the forum, and the litigation to each other." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1977).  "In *Keeton*, the Court further indicated that the 'fairness' of requiring a defendant who is not a resident of the forum state to appear in

the forum depends in part on the expressed public policy interest of the forum state, noting the particular interest a forum state in connection with tort claims." *Berrett v. Life Ins. Co. of Southwest*, 623 F. Supp. 946, 951 (D.Utah 1985).

PSM argues that it would not comport with notions of fair play to require defending in a forum in which it only has a slight connection. PSM admits however, that there are few forums in which it has substantial connections, and not even the forums to which the Contract pertained would be more convenient than Utah. Therefore, ACSI argues that the balance of the equities weigh in favor of finding jurisdiction over PSM in Utah. There is a substantial and fundamental link between ACSI's claims and PSM's contacts with Utah. The claims arise directly out of PSM's contacts with ACSI in Utah regarding the negotiating and eventually entering into the Contract. But for the benefits of modern technology, PSM would not have been able to have transacted business with ACSI without undue hardship. Therefore, this court concludes that the exercise of jurisdiction over PSM in matter comports with traditional notions of fair play and substantial justice. Based on the above reasoning, the court concludes that jurisdiction is proper in this court under due process standards and Utah's long-arm statute. Accordingly, PSM's motion to dismiss for lack of personal jurisdiction is denied.

**B.      Transfer of Venue**

PSM requests, in the alternative, that this court transfer the case to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1631 for lack of jurisdiction and 1404(a) for the convenience of the parties and witnesses. Because the court decides jurisdiction exists in this case, section 1631 is inapplicable.

Section 1404(a) provides that venue may be transferred for the convenience of parties

and witnesses.  A presumption exists that a plaintiff has chosen a proper forum and "substantial deference" should be given to the plaintiff's decision.  *See Frontier Fed. Sav. & Loan v. Nat'l Hotel Corp.*, 675 F. Supp. 1293, 1301 (D. Utah 1987).  Because jurisdiction exists, the court will presume that ACSI has chosen a proper forum.  Accordingly, PSM's motion to transfer venue is denied.

## CONCLUSION

Based upon the above reasoning, IT IS HEREBY ORDERED that PSM's Motion to Dismiss or For Transfer of Venue is DENIED.

DATED this 21th day of August, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge