## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| AIRPORT CONSULTING SERVICES INTEGRATED, LLC, a Utah limited liability company, | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | **Case No. 2:06CV00102 DAK** |
| PREMIUM SERVICES MANAGEMENT, LLC, a Georgia limited liability company, | **District Judge Dale A. Kimball** |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court is Defendant Premium Services Management, LLC's ("PSM") motion to quash or modify subpoena.[1] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to United States District Court for the District of Utah Rule of Practice 7-1(f), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 32.

**BACKGROUND**

PSM and Plaintiff Airport Consulting Services Integrated, LLC ("ASCI") are both engaged in the business of providing curbside baggage or skycap services to passengers at airports throughout the United States.  Traditionally, the airline industry uses a non-fee based curbside baggage service for its customers, the cost of which is paid for by the airlines.  In 1995, ACSI developed a new method (the "ACSI Service Method") in which the cost of skycap services is paid by the airline customer rather than the airlines.

At the request one of PSM's clients, United Airlines ("United"), PSM contacted ACSI to assist PSM in developing and implementing a curbside baggage service like the ACSI Service Method.  ACSI advised PSM that because the companies were competitors, ACSI would only disclose the ACSI Service Method if PSM would agree to a long term contract.  PSM agreed.  In January 2005, PSM and ACSI signed a document titled, "Master Agreement."  The Master Agreement provided, in relevant part, that (1) "PSM has agreements with airlines to provide traditional curbside baggage check-in at LAX, SFO, ORD[,] and EWR;" (2) "PSM wishes to implement the expertise and management developed by ACSI at various airport locations where PSM has agreements with airlines to provide curbside baggage check-in;" and (3) "PSM and ACSI wish to mutually expand the use of the ASCI [Service Method] to other locations and/or airlines."  The Master Agreement did not, however, specifically identify any "other locations and/or airlines" to which such services would be expanded eventually.

ACSI alleges that PSM notified ACSI that it would be terminating the Master Agreement effective September 24, 2005.  According to the Master Agreement, the relationship between

PSM and ACSI was to continue as long as PSM used the ACSI Service Method.  In its

complaint, ACSI contends that PSM continues to use the ACSI Service Method despite the

termination and in violation of the Master Agreement.

On June 8, 2007, ACSI issued a subpoena duces tecum (the "Subpoena") to United

seeking documents relating to every airport at which PSM has provided skycap services for

United from the time ACSI and PSM entered into the Master Agreement to the present.

Specifically, the Subpoena requests the following categories of documents:

1.  All reports and/or other documents submitted by United to [PSM] from January 12, 2005[,] to the present reflecting numbers of United customer baggage items checked in at curbside by PSM skycaps at the following airports and for which the skycaps collected a per bag charge from the customers:

• Los Angeles, California (LAX)
• San Francisco, California (SFO)
• Oakland, California (OAK)
• Chicago, Illinois, O'Hare (ORD)
• Chicago, Illinois, Midway (MDW)
• Tampa, Florida (TPA)
• Newark, New Jersey (EWR)
• All other airports at which PSM, during such time period, provides or has provided such curbside baggage services to United customers.

2.  All United invoices and/or other documents submitted by United to PSM from January 12, 2005[,] to the present showing and/or billing an amount for the number of curbside United customer bags checked in by PSM skycaps at each airport referred to in paragraph no. 1 above and for which the skycaps collected a per bag charge from the customers.

On June 28, 2007, PSM filed a motion to quash or modify the Subpoena.  PSM argues

that the Subpoena is improper and should be quashed because (1) the Subpoena seeks documents

that are not relevant to a claim or defense in that they relate to airports not specifically listed in

the Master Agreement and (2) the Subpoena seeks documents that contain confidential

3

commercial information.

## DISCUSSION

Under rule 26(b)(1) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). PSM argues that the Subpoena should be quashed because it seeks information that is not relevant to ACSI's complaint in that the Subpoena includes airports not specifically identified in the Master Agreement. In the alternative, PSM asks this court to modify the Subpoena to include only those airports specifically listed in the Master Agreement. ACSI counters that the Master Agreement was not limited to only those enumerated airports and that all airports in which PSM provides skycap services to United customers under a per bag charge would be relevant to its claim. Because the Master Agreement provides that both parties "wish to mutually expand the use of the ACSI developed curbside valet baggage check-in services to other locations and/or airlines," the court agrees with ACSI and concludes that the Master Agreement is not limited to only those airports specifically enumerated within it.

PSM contends that ACSI is attempting to conduct a "'fishing expedition' for materials relating to every airport at which PSM has provided skycap service for United over the past two and one-half years." The court does not agree. ACSI has appropriately limited the Subpoena to include only those airports in which PSM has collected a per bag charge from United's customers, i.e., those airports which have presumably adopted the ACSI Service Method. The Subpoena is also sufficiently limited by time in that it seeks documents reflecting numbers of United customer baggage items checked in at curbside from the time ACSI and PSM entered into the Master Agreement to the present.

PSM further argues that the Subpoena should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii) because it seeks confidential "commercial information."  The court will interpret this as a request for a protective order under Federal Rule of Civil Procedure 26(c)(7).  *See* Fed. R. Civ. P. 26(c)(7) (providing that a protective order may be entered to protect "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way").  The court, however, is not persuaded by PSM's conclusory allegation that the information sought is protected from discovery because it relates "to pricing, profitability, volume, and other information that would be useful in the hands of PSM's competitors, including [ACSI]."  When seeking a protective order under this rule, a party must make  "a particularized showing that the information is trade secret or confidential information."  *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 393 n.29 (D. Utah 1991) (quotations and citation omitted).  PSM has failed to do so.

Furthermore, because the complaint alleges that PSM continues to utilize the ACSI Service Method at airports in which it provides skycap services for United, in violation of the Master Agreement, the requested documents are highly relevant to ACSI's claim against PSM.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that PSM's motion to quash or modify is **DENIED**.  Accordingly, United is ordered to produce the requested documents within

ten (10) days of the date of this order.

**IT IS SO ORDERED.**

DATED this 27th day of September, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge